UNITED STATES of America, Plaintiff,

v.

Jorge A. FARINACCI–GARCIA,
Defendant.

Crim. No. 82–0050CC.

United States District Court,
D. Puerto Rico.

Sept. 23, 1982.

Daniel Harris, Sp. Atty., U. S. Dept. of Justice, Hato Rey, P. R., for plaintiff.

Hiram Cancio, Harry Anduze, Pedro J. Varela, José Añeses, and María D. Fernós, Santurce, P. R., for defendant.

## ORDER

CEREZO, District Judge.

Defendant seeks eventual dismissal of the charges of bank robbery against him by alleging that the government decided to prosecute him because of his political beliefs. To prove said allegation he claims he is entitled to discovery and to an evidentiary hearing. The reasons in support for this contention, found in the many unsworn allegations of defendant scattered in a stream of motions many of which are repetitive and presented in a disorganized manner, are the following: defendant has publicly supported independence for Puerto Rico; he dedicates his practice of law to the defense of labor unions; he has supported political organizations which advocate independence for Puerto Rico (the Puerto Rican Independence Party, the Puerto Rican Socialist Party and the Popular Socialist Movement); during the last four years the United States Government has prosecuted in this District only three other bank robbery cases all of which were against known independence advocates; there have been more than four bank robberies in Puerto Rico during the last four years, and that other bank robberies have been prosecuted in the Courts of Puerto Rico during that period. Defendant requests production of: "information" as to

bank robbery cases prosecuted in this Court; the nature of the agreement between the federal government and the government of Puerto Rico with regard to the determination of whether to prosecute in the local or in the federal court; the identity of informants used by the government and evidence on the nature and extent of defendant's involvement in activities protected by the First Amendment. Defendant also requests an evidentiary hearing to explore this matter.

■ The case law on this topic has long recognized that "if [a law] is applied and administered by public authority with an evil eye and an unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the constitution." *Yick Wo v. Hopkins,* 118 U.S. 356, 373–74, 6 S.Ct. 1064, 1072, 30 L.Ed. 220 (1886). This general principle of equal protection must be reconciled with the realities inherent to efficient law enforcement and the necessary exercise of some selectivity in deciding which cases the government decides to prosecute. See: *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 505, 7 L.Ed.2d 446 (1952). The courts have also recognized the possible danger of using general allegations of unequal treatment and selective prosecution as devices to intrude impermissibly with the prosecutorial function. *United States v. Torquato,* 602 F.2d 564, 569 (3rd Cir. 1979) or to obtain discovery of material to which the defense would not be otherwise entitled to. *United States v. Berrios,* 501 F.2d 1207, 1211 (2nd Cir. 1974). Thus, to balance these interests, the burden has been placed on a defendant to establish prima facie: " '(1) that while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion or the desire to prevent his exercise of constitutional rights. . . .' " *United States v. Unión Nacional de Trabajadores,* 576 F.2d 388, 395 (1st Cir. 1978) (citing *United States v. Falk,* 479 F.2d 616, 620–21 (7th Cir. 1973). The burden to overcome the presumption that the government's choice to prosecute was made in good faith for reasons of sound governmental policy·has been referred to as a "heavy" one, *United States v. Saadé,* 652 F.2d 1126, 1135 (1st Cir. 1981). Defendant, besides alleging the intentional purposeful discrimination, must also allege facts supporting the discrimination and must raise reasonable doubts about the propriety of the prosecutor's intention. *Id. United States v. Falk,* 479 F.2d 616, 620–21 (7th Cir. 1973). The evidentiary hearing is necessary only when the motion alleges sufficient facts to "take the question past the frivolous state" and raise reasonable doubt as to the government's purpose in prosecuting the defendant *United States v. Larson,* 612 F.2d 1301, 1304–05 (8th Cir. 1980), *United States v. Torquato,* 602 F.2d 564, 569–70 (3rd Cir. 1979). Likewise, if defendant seeks documentary evidence on this matter he must show some "colorable basis" for the existence of the essential elements of this defense and that the documents in the government's possession would prove these elements. *United States v. Berrios,* 501 F.2d 1207, 1211–12 (2nd Cir. 1974); *United States v. Berrigan,* 482 F.2d 171, 181 (3rd Cir. 1973). A mere allegation of selective prosecution without facts to support it does not require the disclosure of governmental files. *United States v. Catlett,* 584 F.2d 864, 865 (8th Cir. 1978).

■ In the instant case, defendant has failed to even allege that others situated in a similar situation, i.e., bank robbery suspects, were not processed because they were not independence advocates. Defendant has not indicated if all the bank robberies prosecuted in the local courts were against persons who were not independence advocates. See: *United States v. Unión Nacional de Trabajadores,* 576 F.2d 388, 395 (1st Cir. 1978). The information to make, at least, an initial factual showing of the discrimination alleged is available to defend-

ant from an examination of the public records of both courts yet he has not indicated why said information was not previously obtained; see: *United States v. Berrios, ante,* at p. 1212.[1] It should also be noted that defendant's discrimination claim rests on the unfounded proposition that independence advocates would be treated less fairly in the federal Court than in the Courts of Puerto Rico. There is nothing in the record even in the form of a conclusory allegation—or for that matter in the history of this Court—to support such a conjecture. In short, defendant pretends to obtain from these flimsy inconclusive allegations, not only an evidentiary hearing, but also an order directing the government to make the investigation he should have long before conducted on his own. On such a weak showing, the good faith presumption of the government's prosecution cannot be ignored and remains intact.

Defendant having failed to make the required threshold showing or colorable entitlement to the claim of selective prosecution he is not entitled to an evidentiary hearing nor to the discovery requested on these grounds and his request is, therefore, DENIED.

SO ORDERED.

---

1. Defendant has not shown the relationship of the other general information he has requested to the essential elements of his selective enforcement claim.